## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| HERIBERTO ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>DONATELLE ASSOCIATES, LLC; DONATELLE PRECISION COMPONENTS, INC.; DONATELLE PLASTICS, INC., d/b/a Donatelle d/b/a Donatelle Holdings d/b/a Donatelle Companies d/b/a Donatelle Group; KENNETH RUDE, individually and in his capacity as Human Resources Manager of Donatelle; and CAROL WILSON, individually and in her capacity as employee and agent of Donatelle,<br><br>Defendants. | Civil No. 06-4825 (JRT/FLN)<br><br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER WITH MODIFICATIONS** |

Christopher R Walsh, **WALSH LAW FIRM**, 301 Fourth Avenue South, Suite 270N, Minneapolis, MN 55415, for plaintiff.

James R Andreen and Kristy A Saum, **ERSTAD & RIEMER, PA**, 8009 34th Avenue South, Suite 200, Minneapolis, MN 55425, for defendants.

This matter is before the Court on plaintiff Heriberto Ortiz's objections to an order issued by United States Magistrate Judge Franklin L. Noel on September 24, 2007. The Magistrate Judge's order addressed plaintiff's Motion to Stay Discovery and Extend

Deadlines in the Scheduling Order,[1] and defendants' Motion to Compel. The Magistrate Judge summarily granted in part and denied in part both motions. Plaintiff has filed objections to the Magistrate Judge's Order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 72.2(a). For the reasons set forth below, the Court overrules plaintiff's objections and affirms the order of the Magistrate Judge.

## BACKGROUND

Plaintiff filed this action in state court in November 2006, alleging that defendants – his former employer and co-workers – discriminated against him on the basis of his race and national origin. Plaintiff also brought state law claims for tortious interference with contract and defamation. Defendants successfully removed the action to federal district court on December 8, 2006. Plaintiff's attorney stated he did not believe that the removal was appropriate, and promised to bring a motion to remand the case to state court.

The parties met for a pretrial conference with the Magistrate Judge on February 2, 2007, and the deadline for discovery was set for September 1, 2007. Defendants allege that that they served plaintiff with interrogatories and requests for documents on February 5, 2007, and did not receive plaintiff's answer until June 15, 2007, after defendants had filed a motion to compel. Defendants allege that the answers to interrogatories did not adequately identify the experts plaintiff proposed to use, and that plaintiff never corrected

---

[1] Plaintiff's original motion also included a request that the Court remand the action to state court. Docket No. 29. Plaintiff's motion was later amended to separate the remand request into a distinct motion, which was scheduled for a hearing. *See* Docket Nos. 48, 49.

this failure despite defendants' request.  Defendants allege that they served plaintiff with a request for a second set of documents on June 25, 2007, and that this request was never answered.

On July 26, 2007, defendants served plaintiff with a notice that plaintiff's deposition would be taken on August 9, 2007.  After the parties agreed to reschedule this deposition for August 28, plaintiff filed a motion on August 13 to remand the case to state court, to stay discovery, and to extend the deadlines set in the pretrial scheduling order.  On August 26, plaintiff's attorney left a voicemail for defendants' attorney, indicating that he had not had time to prepare his client for the deposition and would be leaving soon for a trip to California, and asking for an agreement to extend or stay discovery until the August 13 motion had been resolved.  Defendants did not agree to this request.

On August 31, 2007, defendants filed a motion asking the Court (1) to compel plaintiff to submit to a deposition after the discovery deadline; (2) to compel plaintiff to respond to the request for documents served on June 25, 2007; (3) to exclude the plaintiff's use of expert witnesses because of the plaintiff's inadequate disclosures, or, in the alternative, to compel plaintiff to provide all information related to his expert witnesses that is required under Rule 26(a)(2)(B) and allow defendants time to obtain rebuttal experts; (4) to allow defendants time to make a dispositive motion after

plaintiff's deposition had been taken;[2] and (5) to award defendants the costs and fees incurred in the making of the motion. On September 10, 2007, plaintiff filed an amended motion severing his request for a remand to state court, and that matter was set for a hearing. Consequently, this Order concerns only plaintiff's requests to stay discovery and extend the deadlines from the pretrial scheduling order.

Following a hearing on the motion to compel and the motion to stay discovery and extend the deadlines set in the pretrial scheduling order, the Magistrate Judge summarily granted in part and denied in part both motions. With respect to plaintiff's motion, the Magistrate Judge extended the deadline for completing depositions, and ordered that they be completed by November 1, 2007. The Magistrate Judge denied plaintiff's motion in all other respects. With respect to defendants' motion, the Magistrate Judge granted defendants' request to compel the deposition of the plaintiff, and ordered that he be made available on or before November 1, 2007; granted defendants' request to compel plaintiff's response to defendants' June 25, 2007, request for documents; denied defendants' request to exclude plaintiff's expert witnesses; granted defendants' request to compel plaintiff to provide the expert information required under Rule 26(a)(2)(B)[3]; granted defendants' request that plaintiff be required to pay their costs and fees expended

---

[2] Defendants filed a motion for summary judgment on October 17, 2007. This was well before the December 1, 2007, deadline for dispositive motions, and moots defendants' request for an extension.

[3] The Magistrate Judge ordered the plaintiff to make all required expert witness disclosures, including expert reports, on or before November 1, 2007. The Magistrate Judge required defendants to make all required expert witness disclosures, including expert reports, on or before December 1, 2007.

in bringing the motion, an expense of $1,377.50; and denied defendants' motion in all other respects.

Plaintiff now objects to the portions of the Magistrate Judge's order denying plaintiff's motion for a stay of discovery or extension of discovery deadlines, and granting defendants' motion for expenses.

## ANALYSIS

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.,* 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

### II. STAY OF DISCOVERY

Under Local Rule 16.3, a pretrial discovery schedule "shall not be extended or modified except upon written motion and for good cause shown." Plaintiff argued to the Magistrate Judge that it would be a mistake to allow discovery to proceed before the Court had resolved the question of jurisdiction. Plaintiff adds the allegation that the delay was actually caused by the defendants, who refused to cooperate in his investigation into the removal of the case from state court. Plaintiff adds that additional factors contributed to the delay, including "trial, trial preparation, family/health issues, travel plans and other conflicts."

Defendants reply that there was not good cause for an extension because (1) plaintiff's motion to remand will ultimately be found untimely, and is not an excuse for delaying discovery; (2) plaintiff waited until almost the end of the allotted seven months for discovery to bring his motion for a stay; and (3) even if the case is ultimately remanded, any discovery conducted now will be worthwhile, because the state proceedings would require discovery as well.

The Court finds nothing in the record demonstrating that the Magistrate Judge's conclusion was clearly erroneous or contrary to law. As defendant notes, the mere possibility of a remand did not make it fruitless to proceed with discovery. Moreover, even though plaintiff's questions about the effectiveness of the removal arose shortly after it occurred, it appears that plaintiff did not make a formal motion for a remand for almost nine months.[4] It would not have been reasonable for plaintiff to keep this case in limbo for that long over an issue he had not formally challenged. To the extent that plaintiff was having difficulty investigating the grounds for such a motion, he could have brought a motion to compel discovery.

While the additional factors cited by plaintiff are relevant, he has not demonstrated that the Magistrate Judge's weighting of these factors was clearly erroneous or contrary to law. Accordingly, the Court affirms the Magistrate Judge's denial of plaintiff's motion to stay discovery.

---

[4] As noted above, this case was removed to federal court on December 8, 2006, and the plaintiff's Motion to Remand to State Court was filed on August 13, 2007.

## III.   EXPENSES

Plaintiff also challenges the Magistrate Judge's award of expenses in connection with defendants' motion to compel. Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides that when a motion to compel is granted, or when discovery is only provided after the motion is filed, the moving party is entitled to recover the expenses it incurred in bringing the motion. The only exceptions to this principle are where the court finds that "the motion was filed without the movant's first making a good faith effort to obtain . . . discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A).

Plaintiff contends that the awarding of expenses was not appropriate because he responded adequately to the majority of defendants' discovery requests, and proceeded in good faith in seeking extensions when he needed more time. Plaintiff also contends that he should not be required to pay expenses because he is indigent. Defendants reply that an award of expenses is discretionary, and that plaintiff has not shown that the Magistrate Judge's award was clearly erroneous or contrary to law. Defendants add that any concerns over plaintiff's ability to pay can be addressed by shifting the burden of payment to plaintiff's attorney, who defendants claim was responsible for plaintiff's discovery failures.

The Court agrees that the Magistrate Judge's award was not clearly erroneous or contrary to law. Plaintiff has not demonstrated that defendants failed to make a good faith effort to obtain discovery without the aid of the Court, that his discovery delays

were clearly "substantially justified," or that the circumstances make an award clearly "unjust." *See* Fed. R. Civ. P. 37(a)(4)(A). The only question is whether the expenses should have been assessed against plaintiff or his attorney.

Expenses awarded under Rule 37(a)(4) are not shifted to an attorney merely because his or her client is indigent. *See* Fed. R. Civ. P. 37 advisory committee's note. Even if they were, plaintiff does not support his assertion of indigence with any evidence. However, defendants are correct that Rule 37(a)(4) permits the Court to assess the expenses against an attorney if it was the attorney's conduct that was responsible for the motion. The record is not without support for this possibility. However, the evidence is not clear enough on this question for the Court to second-guess the determination of the Magistrate Judge, who also had the benefit of a hearing on these matters. The Magistrate Judge's allocation of the expenses is not clearly erroneous, and is affirmed.

Finally, the Court notes a technical modification of the Order of the Magistrate Judge. The Magistrate Judge indicated that the docket numbers for plaintiff's Motion to Stay Discovery and Extend Deadlines in the Scheduling Order were 48 and 49. The Court's review of the docket indicates that the proper docket number for this motion is 29. The Court, therefore, will modify the Magistrate Judge's order to reflect the correct docket number for that motion.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 65]. **IT IS HEREBY ORDERED**

-9-

that the Magistrate Judge's Order dated September 24, 2007 [Docket No. 64] is **MODIFIED** by replacing "##48, 49" with "**#29**" – which reflects the correct docket number assigned to plaintiff's Motion to Stay Discovery and Extend Deadlines in the Scheduling Order.  The Magistrate Judge's Order is **AFFIRMED** in all other respects.


DATED:   January 16, 2008                             s/ John R. Tunheim         _
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                         United States District Judge